1    UNITED STATES DISTRICT COURT
2    DISTRICT OF PUERTO RICO

3    VANESSA LUGO BERRIOS,

4        Plaintiff,

5        v.                                  Civil No. 11-1224 (JAF)

6    CITIBANK N.A., as Citimortgage, Inc.,

7        Defendant.

8

9                          **<u>OPINION AND ORDER</u>**

10       Plaintiff brings this pro-se suit in forma pauperis under the Service Members Civil Relief

11   Act, 50 U.S.C. app'x § 597(a).  (Docket No. 1.)  Defendant moves for dismissal, pointing to

12   insufficient service of process.  (Docket No. 9.)  Plaintiff responds.  (Docket No. 10.)

13       Under Rule 12(b)(4) and (b)(5) of the Federal Rules of Civil Procedure, a defendant may

14   move for dismissal based on insufficient process and service of process.  When a defendant

15   challenges service of process, the burden shifts to the plaintiff to show that service was

16   sufficient.  <u>Rivera-López v. Municipality of Dorado</u>, 979 F.2d 885, 887 (1st Cir. 1992).

17       Defendant argues that Plaintiff has failed to serve the complaint upon it as required by

18   Rule "4(h)(1) and/or 4(e)(1)" of the Federal Rules of Civil Procedure.  (Docket No. 9 at 2.)

19   Rule 4(h)(1) permits service upon a corporation through either: "(A) the manner prescribed by

20   Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and the

21   complaint to an officer, a managing or general agent, or any other agent authorized by

22   appointment or by law to receive service of process . . . ."  Fed. R. Civ. P. 4(h)(1).  In turn, Rule

23   4(e)(1) permits service "following state law for serving a summons in an action brought in

Civil No. 11-1224 (JAF)                                                                    -2-

1    courts of general jurisdiction in the state where the district court is located or where service is

2    made." Fed. R. Civ. P. 4(e).  Puerto Rico Rule of Civil Procedure 4.4(e), which closely mirrors

3    Federal Rule 4(h)(1)(b), provides that a corporation may be served "by delivering a copy of the

4    summons and of the complaint to an officer, managing or general agent, or to any other agent

5    authorized by appointment or designated by law to receive service of process."  32 L.P.R.A.

6    App. III R. 4.4(e).

7         Defendant argues insufficiency in that Plaintiff (through the U.S. Marshals Service) left

8    the summons with Maribel Urrutia Alsina, an employee at the Puerto Rico offices of Citibank,

9    Incorporated, instead of serving an agent authorized by it or by law.  (Id. at 3.)  Defendant

10   Citimortgage is a New York corporation with a principal place of business in Missouri.  Dalby

11   v. Citimortgage, Inc., Civ. No. 09-659-RCJ-VPC, 2012 U.S. Dist. LEXIS 3220, at *11 (D. Nev.

12   Jan. 10, 2012); (see also Docket No. 4.)  Defendant argues that "Maribel Urrutia Alsina is not

13   an officer of CMI[, ]a managing agent of CMI[, or] a general agent of CMI. Maribel Urrutia

14   Alsina is not even an employee of CMI and she certainly is not authorized to receive service of

15   process on behalf of CMI."  (Docket No. 9 at 3.)  Defendant alleges that the "Marsha[l ]was

16   advised that service of process could not be completed upon CMI through Maribel Urrutia

17   Alsina yet the Marsha[l ]insisted upon tendering [Ms.] Urrutia a copy of the summons and the

18   complaint."  (Id.)

19         Defendant's averment that Ms. Urrutia is not its agent suffices to rebut the presumption

20   of proper service created by the return of service.  Blair v. City of Worcester, 522 F.3d 105, 111

21   (1st Cir. 2008).  Plaintiff has not adduced any evidence showing that service was proper in her

22   opposition.  (Docket No. 10.)  Moreover, in civil litigation, service of process upon a wholly-

1    owned subsidiary generally does not constitute service of process on the parent corporation.  In

2    "the only cases in which it has considered the question, [the Supreme] Court held that the

3    activities of a subsidiary are not necessarily enough to render a parent subject to a court's

4    jurisdiction, for service of process or otherwise."  Volkswagenwerk Aktiengesellschaft v.

5    Schlunk, 486 U.S. 694, 705 (1988) (citing Cannon Mfg. Co. v. Cudahy Packing Co., 267 U.S.

6    333, 336–37 (1925)).  Plaintiff has done nothing to refute Defendant's statements or to carry

7    its burden of showing that service was sufficient under Rule 4(h).

8          When faced with plaintiff's insufficient service of process, district courts have broad

9    discretion to dismiss the action or retain the case and quash service of process.  Ramirez De

10    Arellano v. Colloides Naturels Int'l, 236 F.R.D. 83, 86 (D.P.R. 2006).  Because we mistakenly

11    reassured Plaintiff that the Marshal's faulty service was, in fact, sufficient (Docket No. 16), we

12    will quash service of process and order the Marshals Service to complete service of process.

13    See Baez v. Connelly, No. 11-1787, 2012 U.S. App. LEXIS 7985, at *5–6 (1st Cir. Apr. 19,

14    2012) (quoting Laurence v. Wall, 551 F.3d at 94 ("A plaintiff proceeding [in forma pauperis]

15    shows good cause for failing to effect timely service of process when either the district court

16    or the United States Marshals Service fails to fulfill its obligations under section 1915(d) and

17    Rule 4(c)(3)")) (finding Marshals Service had enough information to re-attempt to effect service

18    on behalf of pro-se plaintiff).

19          For the foregoing reasons, we hereby **GRANT IN PART** and **DENY IN PART**

20    Defendant's motion.  (Docket No. 9.)  Plaintiff's service on Defendant is **QUASHED**.  We

21    hereby **ORDER** the U.S. Marshals Service to properly execute service of process upon

Civil No. 11-1224 (JAF)                                                    -4-

1    Defendant Citimortgage.  We also schedule a Status Conference with both parties to determine

2    the status of this case on **May 16, 2012, at 10:00 A.M**.

3              **IT IS SO ORDERED.**

4              San Juan, Puerto Rico, this 7th day of May, 2012.

5                                        s/José Antonio Fusté
6                                        JOSE ANTONIO FUSTE
7                                        United States District Judge