1  UNITED STATES DISTRICT COURT
2  DISTRICT OF PUERTO RICO

3  VANESSA LUGO-BERRIOS,

4       Plaintiff,                                    Civil No. 11-1224 (JAF)

5       v.

6  CITIBANK, N.A.,
7  AS CITIMORTGAGE, INC.,
8
9       Defendant.

10

11  **OPINION AND ORDER**

12       We must decide whether a home owner, Vanessa Lugo-Berríos, has established a claim

13  for national-origin discrimination against her lenders under various federal and Commonwealth

14  statutes.

15  **I.**
16
17  **Factual and Procedural History**
18
19       On January 26, 2004, plaintiff Vanessa Lugo-Berríos entered into a mortgage loan with

20  Citimortgage, Inc. (CMI), in order to purchase an apartment located at Condominium Camelot

21  in San Juan, Puerto Rico.  The mortgage for this apartment was in the amount of $166,500, with

22  a monthly payment of $996.26.  Two and a half months after entering into the mortgage, Lugo-

23  Berríos filed for Chapter 13 bankruptcy. Shortly thereafter, Lugo- Berríos fell behind in her

24  mortgage payments.

25       In February 2006, the bankruptcy court relieved CMI from the automatic bankruptcy

26  stay because the court determined that Lugo-Berríos was three months in arrears on her

27  mortgage.  CMI initiated foreclosure proceedings in 2007 and, in September 2008, the

28  foreclosure process ended with a traditional modification of Lugo-Berríos' mortgage payment.

1    Lugo-Berríos made only four payments under the modified mortgage.  She lost her job in

2    November 2008 and remained unemployed thereafter, except for the month of August 2009.

3          In February 2009, Lugo-Berríos applied through CMI to the federal Home Affordable

4    Modification Program (HAMP).  Over the next several months, Lugo-Berríos called CMI

5    regularly, often many times a day, to inquire about her HAMP application.  She says she was

6    sometimes kept on hold for over half an hour, transferred to many operators that did not speak

7    Spanish, and was hung up on.  Lugo-Berríos admits, however, that between December 22,

8    2008, and February 28, 2010, she had twenty-one conversations in Spanish with CMI.

9          Ultimately, Lugo-Berríos did not receive an additional loan modification, HAMP or

10   otherwise.  CMI sued in Puerto Rico courts in August 2009 and won a foreclosure judgment.

11         Lugo-Berríos alleges that CMI denied her the benefits of the federal program Home

12   Affordable Modification Program (HAMP) because of her national origin, which is Puerto

13   Rican or Hispanic.  CMI says that it denied Lugo-Berríos' application to the HAMP program

14   because she did not qualify for the loan modification due to the amount of her delinquent

15   payments relative to her income, the fact that she was unemployed, and the fact that she

16   expressed an intention to sell the property.

17         Lugo-Berríos brings this cause of action under the Equal Credit Opportunity Act

18   ("ECOA"), 15 USCA §1691 et seq., and the Fair Housing Act ("FHA"), 42 U.S.C.A. § 3601, et

19   seq. In addition, plaintiff filed claims under the Emergency Economic and Stabilization Act of

20   2008, the Homeowners Protection Act of 1998, and the Housing and Urban Development Act

21   of 1968.  (Docket No. 2.)  The defendants have moved for summary judgment under Federal

22   Rule of Civil Procedure 56.  (Docket No. 43.)  Because no genuine issue of material fact is left

23   for trial, the defendants' motion is granted.

Civil No. 11-1224 (JAF)                                                                    -3-

## II.

## Legal Standard

**A.     Summary Judgment**

Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c); see also Celotex Corp v. Catrett, 477 U.S. 317, 322-23 (1986).  Since Citibank brought the motion, the court must view the evidence in the light most favorable to Lugo-Berríos and draw all justifiable inferences in her favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

## III.

## Discussion

Defendant argues that it is entitled to summary judgment because Lugo-Berríos cannot establish a prima-facie case of national-origin discrimination under the two federal statutes that regulate lending discrimination: The Equal Credit Opportunity Act ("ECOA"), 15 USCA §1691 et seq., and the Fair Housing Act ("FHA"), 42 U.S.C.A. § 3601 et seq. The FHA prohibits discriminating against a member of one of the protected categories in the "terms or conditions" of "residential real estate transactions." 42 U.S.C. § 3605.  The ECOA makes it unlawful for a creditor to discriminate against an applicant "with respect to any aspect of a credit transaction on the basis of . . . national origin." 15 U.S.C. § 1691(a)(1).

The Supreme Court has not yet decided either an FHA or an ECOA case dealing with these matters, and the statutes themselves do not provide a framework for determining when discrimination can be reasonably inferred in a case.  The courts of appeals, however, have consistently held that the familiar McDonnell Douglas burden-shifting framework applies to discrimination cases brought under the FHA or ECOA.  See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  Under that framework, a plaintiff who lacks direct evidence of

1   intentional discrimination (as here) must initially prove a prima-facie case by showing: (1) the

2   plaintiff is a member of a protected class; (2) the plaintiff applied for and was qualified for the

3   credit transaction or housing opportunity in question; (3) the defendant rejected the plaintiff's

4   claim to the credit transaction or housing opportunity; and (4) the credit transaction or housing

5   opportunity remained available thereafter.  See Lindsay v. Yates, 578 F.3d 407, 414-15 (6th Cir.

6   2009); Mitchell v. Shane, 350 F.3d 39, 47 (2d Cir. 2003).

7          CMI does not dispute that Lugo-Berríos can establish the first, third, and fourth prongs

8   of the prima-facie case: as a Puerto-Rican Hispanic, she is a member of a protected class of

9   individuals, CMI denied her application for the HAMP loan modification, and HAMP

10  continued to exist even after she was denied participation in the program.  CMI does claim,

11  however, that Lugo-Barrios fails the second prong of the prima-facie case because she cannot

12  establish that she was qualified for HAMP.  We agree.

13         Lugo-Berríos was evaluated more than once for HAMP, but she did not qualify for the

14  following reasons: (a) The loan had been previously modified and plaintiff had failed to make

15  six payments under the modified loan; (b) plaintiff was unemployed; (c) plaintiff expressed that

16  she intended to sell the property, and, most importantly, (d) even reducing the interest rate,

17  extending the terms of the loan and granting the maximum allowable principal forbearance, it

18  was not possible to reduce the monthly mortgage payment ratio to 31% as required to qualify

19  for a HAMP modification. (Docket No. 43 at 3); see also Rowe v. Union Planters Bank of

20  Southeast Missouri, 289 F.3d 533, 535 (8th Cir. 2002) (plaintiff failed to show she was

21  qualified for home loan); Mencer v. Princeton Square Apartments, 228 F.3d 631, 634–35, 2000

22  FED App. 0350P (6th Cir. 2000) (plaintiffs who lacked steady rental history, showed four

23  different addresses on their application, and failed to meet the defendant's long-standing,

Civil No. 11-1224 (JAF)                                                                                    -5-

1   nondiscriminatory income requirement were not "qualified to rent" at defendant's apartment

2   complex and, therefore, failed to establish the second of the prima-facie case elements).

3         According to the HAMP guidelines, CMI must perform the Net Present Value ("NPV")

4   test in order to determine the feasibility of Lugo-Berríos' modified loan.  (Docket No. 2-10 at

5   3.)  This NPV test is a comparison of the cost of the foreclosure process set against the cost of

6   bringing the debtor to the target payment. When applying this test, CMI is required to modify

7   the loan if the Net Present Value ("NPV") of the modification is positive. In Lugo-Berríos'

8   case, the NPV was negative and CMI was not required to modify her loan.

9         Since Lugo-Berríos did not qualify for a HAMP modification, she has failed to

10  demonstrate a prima-facie case of national-origin discrimination and cannot, therefore, prevail

11  on her claim.

12                                              **IV.**

13
14                                          **<u>Conclusion</u>**

15        For the foregoing reasons, we hereby **GRANT** Defendant's motion and **DISMISS**

16  **WITH PREJUDICE** Plaintiff's claims. Judgment shall be entered accordingly.

17        **IT IS SO ORDERED.**

18                San Juan, Puerto Rico, this 26th day of March 2013.

19                                                    s/José Antonio Fusté
20                                                    JOSE ANTONIO FUSTE
21                                                    United States District Judge